UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00056-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **RUBEN PEREZ-RUIZ,** | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on a pleading captioned "Movant's Request for the Court to Consider the Complaint Affidavit in Support of Motion to Dismiss Indictment Conviction and Sentence for of Exclusive Legislative and Subject Matter Jurisdiction Persuant to Rule 12(b)(1) Federal Rules of Civil Procedure" (#238) (errors in the original) and "Motion to Dismiss Indictment Conviction and Sentence for of Exclusive Legislative and Sobject Matter Jurisdiction Persuant to Rule 12(b)(1) Federal Rules of Civil Procedures" (#239)(errors in the original). Close review of those motions reveals that they are form pleadings containing generic, inflammatory allegations of government misconduct and jurisdictional claims which are completely baseless, neither of which is in any manner related to this defendant's particular case.

In the first form motion, defendant suggests that he is reporting to the court, supposedly under the misprision of a felony statute, that the government is engaged in providing false documents, conspiracy, and racketeering, and that for those reasons the court should set aside his conviction. Defendant's first form motion lacks any particulars as to the names of any rogue government agents, what they have allegedly done, when they have allegedly done such criminal acts, and the supposed source of his knowledge. In the second form motion, defendant suggests

1

that the court lacked jurisdiction because his offenses did not occur on federal land; this supposed legal argument fails on its face because his conviction was for a federal drug conspiracy under Title 21, which does not require that such offense occur on federal land.

Under the reasoning of <u>Castro v. United States,</u> 540 U.S. 375 (2003), the court has considered whether it should re-characterized such motions as a § 2255 petition as they come after the Judgment. Review of the docket reveals that the Judgment of this court is presently on appeal; thus, there is non-exhaustion of petitioner's direct appeal and the court's Judgment is not final. Second, the claims raised in the form motions are patently frivolous and do not rise to a level that should be considered as invoking the one-time-only protections afforded under Section 2255. Finally, the court has considered whether it should take up the motions at all based on the pendency of the appeal. Rule 38(a) of the Federal Rules of Criminal Procedure governs consideration of motions filed in the district court during the pendency of an appeal. In particular, Rule 38(a) provides, as follows:

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals
>     Remands for that purpose or that the motion raises a substantial issue.

Fed.R.Civ.P. 62.1.

Under Rule 38(a)(2), the court determines that it is appropriate to take up the motions as they do not raise substantial issues that would impact the appeal. The court will deny the relief sought in the instant motions as the form motions are patently frivolous.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se motions (#238) and (#239) are **DENIED**.

Signed: April 14, 2015

Max O. Cogburn Jr
United States District Judge